932 F.2d 964
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SPINELLI, KEHIAYAN-BERKMAN, S.A., an Argentine Corporation,
Plaintiff-Appellee,
v.
IMAS GRUNER, A.I.A. & ASSOCIATES, a Maryland Partnership,
Juan Gruner, Lelia E. Imas, a/k/a Lelia Imas
Gruner, Defendants-Appellants,
v.
Jaime BERKMAN, Roberto Spinelli, Third Party Defendants.
 No. 90-2137.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1991.
Decided May 14, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-84-1116-Y)
 Juan Gruner and Lelia E. Imas, appellants pro se.
 Robert James Beagan, Flinn & Beagan, Vienna, Va., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is now the fourth appeal of defendants Imas-Gruner, A.I.A., and its general partners, Juan Gruner and Lelia Imas Gruner, of various district court judgments in its longstanding dispute with Spinelli, Kehiayan-Berkman, S.A. (SKB), its general partner in several real estate ventures. Following remand of the case after Imas-Gruner's third appeal, the parties executed a joint stipulation and order resolving all issues on remand. The proposed order was entered by the district court, after adding a handwritten notation dismissing the case and ordering each party to bear its costs. The subject of the present appeal is the district court's handwritten notation; Imas-Gruner contends that the district court should not have closed the case because Five Seasons Partnership, the principal venture between the parties, had never been officially dissolved and an accounting of its assets rendered, as previously ordered by the district court.[1] We agree with the district court that all matters in this proceeding have been concluded and affirm its judgment dismissing the case.
 
 
 2
 The district court decreed that the Five Seasons Partnership be dissolved. Under Maryland law, this is all that is required for dissolution of a partnership. Md.Corporations and Associations Code Ann. Secs. 9-603 and 9-602(6). Of course, partnership does not necessarily terminate upon dissolution; it will continue in existence until the winding up of partnership affairs is completed. Md.Corporations and Associations Code Ann. Sec. 9-601.
 
 
 3
 The district court order of June 27, 1988, also ordered an accounting of Five Seasons' share in the Strathmore Limited Partnership. In correspondence surrounding the filing of the joint stipulation and decree, the district court noted that this aspect of its order was complied with when the bankruptcy court appointed Robert Grey as an examiner and ultimately adopted his report by order entered on November 27, 1989. In its docketing statement filed with this appeal, Imas-Gruner acknowledges that the Strathmore Limited Partnership has sold its assets and rendered an accounting, resulting in payment of $139,433 to Five Seasons as its share in the partnership. Consequently, all issues in this matter have been resolved.
 
 
 4
 Imas-Gruner's stated reason for perpetuating this matter is to obtain an additional $500,000 credit for its initial contribution of services valued at $500,000 to Five Seasons. We note that the issue of the appropriate treatment of Imas-Gruner's initial contribution of services was the subject of vigorous debate at trial. Imas-Gruner argued that this contribution established for the Gruners a capital account of $500,000 in addition to a 50% share of the partnership; the district court concluded otherwise. Not having challenged the district court's ruling on this issue in its first appeal, Imas-Gruner has waived any further review of the issue.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The district court order of June 27, 1988, to which ImasGruner refers, reads in relevant part:
 That the Strathmore Limited Partnership remain in existence but that the Five Seasons Partnership be dissolved and an accounting be made of its interest in the Strathmore limited partnership; ....